UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERNATIONAL TOWER SUPPLY, LLC, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 15-2680 |
| v. | : | OPINION |
| MICHAEL MOSKOWITZ, CLAUDIA SURACE, MCALISTER STEEL & TOWER SUPPLY, MCALISTER WELDING & FABRICATING, | : | |
| Defendants. | : | |

This matter is before the Court on a motion to dismiss the Complaint filed by Defendants [Doc. 19] and on the Court's Order to Show Cause why the matter should not be remanded for want of federal subject matter jurisdiction [Doc. 23]. Oral argument was heard on August 10, 2016 and the record of that proceeding is incorporated here. Because this Court lacks subject matter jurisdiction, the matter must be remanded to State court.

Background

Plaintiff International Tower Supply, LLC filed this action in State court seeking equitable and legal relief for alleged violations of its March 14, 2014 Employment Agreement[1] with Defendant Moskowitz. Allegedly, Moskowitz was the majority owner of International Tower until his

---

[1] Compl., Ex. B.

1

majority interest was purchased by Blue Diamond, LLC with the express understanding that Moskowitz would remain a minority owner and employee of International Tower, resulting in an Operating Agreement[2] dated February 28, 2014 between Plaintiff and Blue Diamond, LLC and Defendant Moskowitz. (Compl., ¶¶ 11-13.)  Further, pursuant to a March 19, 2014 Promissory Note,[3] Moskowitz was obligated to pay International Tower $35,000 plus yearly interest of 5% in twenty-four monthly installments beginning April 1, 2015. International Tower terminated Moskowitz's employment by letter dated February 20, 2015. (Compl. ¶ 46, Ex. E.)

Plaintiff has alleged that, while in its employ, Moskowitz diverted money owed to International Tower to himself or an entity formed by him or Defendant Surace. (Compl., ¶¶ 33, 34.) In addition, Plaintiff alleges that Moskowitz, through Surace and the McAlister Defendants, acted in direct competition with International Tower and solicited its customers and employees in violation of paragraph 11 of the Employment Agreement, resulting in loss of revenue for International Tower. (Compl., ¶¶ 35-42.)

Count One of the Complaint is against Moskowitz for breach of the Employment Agreement and Operating Agreement and seeks injunctive

---

[2] Compl., Ex. A.
[3] Compl., Ex. C.

relief and damages. Count Two alleges that Surace and the McAlister Defendants intentionally and/or negligently interfered in the two agreements between International Tower and Moskowitz, and claims injunctive relief and damages. Count Three states Moskowitz breached the implied duty of good faith and fair dealing inherent in the agreements and seeks damages for the breach. Count Four seeks damages for Moskowitz's breach of fiduciary duty owed to Plaintiff. Count Five is for breach of contract by Moskowitz in that he has failed to pay the $35,000 allegedly owed under the promissory note. Count Six alleges breach of contract in that Moskowitz has failed to relinquish his ownership interest in International Tower as called for by the Operating Agreement. Finally, Count Seven seeks damages from Moskowitz for his alleged breach of International Tower's "contractual expectations."

## Applicable Standards

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are

taken into consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "Where there are well-pleaded factual allegations, a court should assume their veracity and then

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).  Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 556 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

However, in the absence of subject matter jurisdiction, the Court cannot consider the motion of the Defendants, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); <u>Boyer v. Snap-on Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990).

Invoking diversity jurisdiction, 28 U.S.C. § 1332(a)(1), Defendants removed the case to this Court.  <u>See</u> 28 U.S.C. § 1441(a), (b). For diversity jurisdiction to exist, no defendant in a civil action may be a citizen of the same state as any plaintiff. <u>See</u> 28 U.S.C. § 1332(a)(1). Because this matter began in State court, diversity must have existed both when the Complaint was filed and when the matter was removed. 14B Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3723 & n. 15 (4th ed. 2009) (collecting cases). The removing party must establish federal

6

jurisdiction. Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010). In determining whether diversity exists, "the court may . . . insist that jurisdictional facts be established . . . by a preponderance of evidence." McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).

Finally, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).[4]

---

[4] "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted). "[J]oinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment. . . .  If there is even a possibility that a State court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id.

7

## Conclusion

As discussed during oral argument, it is undisputed Plaintiff is a citizen of New Jersey, as are the McAlister Defendants. Accordingly, there is no diversity of citizenship and the case must be remanded. An agreed upon Order accompanies this Opinion.

Dated: August 11, 2016    /s/ Joseph H. Rodriguez
                          JOSEPH H. RODRIGUEZ
                                 USDJ